## N. HILL *v.* J. T. HILLMAN *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Bill to foreclose trust deed.* In a bill which seeks to foreclose a trust deed made by husband and wife, it is not necessary to show that she had the power of disposition.

2. SAME. *Married woman. Pro confesso.* By the Code, sec. 4371, an order *pro confesso* against a married woman residing in this State, except in the case of a bill for divorce, admits the allegations of the bill to be true.

3. SAME. *Same. Equity of redemption.* It is a proper decree, even in the case of a married woman, in foreclosing a trust deed, to order a sale of the land for cash free from the equity of redemption in accordance with the contract of the parties embodied in the deed.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

BIGELOW & HILL for complainant.

METCALF & WALKER for defendants.

COOPER, J., delivered the opinion of the court.

The trustee, to whom Hillman and wife had conveyed land to secure certain notes held by the complainant, having died, the complainant filed this bill against Hillman and wife and the heirs of the trustee for sale of the trust property in conformity with the terms of the deed. The bill was taken for confessed against all of the defendants, the deposition of the complainant given, and the amount of the debt of complainant ascertained by report of the master, whereupon a decree was rendered in conformity with the prayer of the complainant. Afterwards, defendants Martin and wife, by petition setting out the proceedings and the recovery of the decree, asked and obtained a modification of the decree in their interest as to the surplus proceeds of the sale, and then appealed.

It is now argued on their behalf that the proceedings are fatally defective, in that they do not show the interest of the defendant Hillman's wife in the land ordered to be sold. The argument is, that a married woman can only charge her separate estate in the mode pointed out in the instrument under which she holds, and it should appear affirmatively that she had the power. That the bill, which is taken for confessed, does not show her interest, as it should have done in order to prevent the sale of separate estate over which the wife might have no power of disposition, or only a power to dispose in a particular mode. But it nowhere appears in the record that

the wife has a separate estate in the trust land. For aught that appears, the land may be held by the married woman in absolute right, or she may have merely joined her husband in order to waive dower and homestead in case of his death before foreclosure. There is certainly no law or rule of practice in this State which requires a complainant in a chancery suit to set out matters of defense in his bill, or to make such a statement of facts as excludes all defenses, or any particular defense, even in the case of a married woman. It is only necessary for him to show a case entitling him to relief. And by the Code, sec. 4371, an order *pro confesso* against a married woman residing in the State, except in the case of a bill for divorce, admits the allegations of the bill to be true as charged. The bill avers that the trust deed was duly executed by the husband and wife, acknowledged by them, the privy examination of the wife being "made and taken before the clerk of the county court of Shelby county as required by law," and registered in the register's office, giving book and page. A copy of the deed, made an exhibit, accords with these averments. *Prima facie,* the case made entitles the complainant to the relief granted, and it was for the defendant to make defense, if she had any. The complainant had the right to sell whatever estate passed by the deed of trust. Whether the sale would convey a good title to land, the separate estate of the wife over which she had no power of disposition, would be another question: *Hix* v. *Gosling,* 1 Lea, 560. The chancellor was right in decreeing a sale

for cash free from the equity of redemption, in accordance with the contract of the parties as embodied in the deed of trust. No ground is shown for any departure from its terms.

The errors in the decree in the amount due complainant, and in giving a personal judgment against the married woman, which are admitted, may be corrected. For these errors, complainant must pay the costs of this court. Affirm decree in other respects.